UNITED STATES BANKRUPTCY COURT

WESTERN DISTRICT OF NEW YORK

---

In re: LISA LANGLEY, Debtor          Case No. 25-11200

---

VERIFIED OBJECTION TO INVOLUNTARY CHAPTER 7 PETITION

AND ELECTION TO PROCEED UNDER CHAPTER 11

The debtor objects to the involuntary Chapter 7 petition and elects to proceed under Chapter 11 of the Bankruptcy Code.

Respectfully submitted,

/s/ Lisa Langley

Transit Rd. #324, Williamsville NY 14221

lisalangleyemerge@gmail.com | 716-533-8177

Dated: November 7, 2025

Case No. 25-11198 – Emerge Capital Management Inc.

```
UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
--------------------------------------------------------
In re: LISA LANGLEY, Debtor                 Case No. 1:25-bk-11200
--------------------------------------------------------
```

VERIFIED OBJECTION TO INVOLUNTARY CHAPTER 7 PETITION
AND ELECTION TO PROCEED UNDER CHAPTER 11 OF THE BANKRUPTCY CODE

Debtor, Lisa Langley, appearing pro se, objects to the involuntary Chapter 7 petition
filed in this case and affirmatively elects to proceed under Chapter 11 of the Bankruptcy
Code pursuant to 11 U.S.C. § 706(a).

In support of this election, the Debtor incorporates by reference the factual and legal
grounds set forth in the attached Memorandum Regarding Bad Faith Filing and Case Summary,
demonstrating that the involuntary petitions were filed in bad faith to interfere with
ongoing arbitration and cause professional harm.

WHEREFORE, the Debtor respectfully requests that this Court:
1. Dismiss the involuntary Chapter 7 petition as a bad-faith filing; or
2. Recognize and grant the Debtor's election to proceed under Chapter 11; and
3. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,


/s/ Lisa Langley
Lisa Langley, Pro Se Debtor
Transit Road #324
Williamsville, NY 14221
lisalangleyemerge@gmail.com | 716-533-8177
Dated: November 7, 2025

CERTIFICATE OF SERVICE
I hereby certify that on November 7, 2025, I served a true and correct copy of this
Objection and Election to Proceed Under Chapter 11 upon petitioning creditors' counsel
and the Office of the United States Trustee by first-class mail and/or email.

/s/ Lisa Langley
Lisa Langley, Pro Se Debtor

## Bad Faith Filing Memorandum in Support of Dismissal

Prepared for: Counsel for Lisa Langley and Emerge Capital Management Inc.

Date: November 7, 2025

### I. Introduction

This memorandum summarizes key facts and legal grounds supporting the argument that the involuntary Chapter 7 petitions filed against Emerge Capital Management Inc. and Lisa Langley were made in bad faith under 11 U.S.C. § 303. The petitions appear to have been strategically timed and coordinated to interfere with a pending confidential arbitration proceeding, harm professional reputation, and disrupt the debtor's ability to reorganize.

### II. Petitioning Creditors and Procedural History

The current involuntary petitions, filed October 14, 2025, name three petitioning creditors — two Canadian nationals and one New Yorker — all represented by the same attorney, Mr. Matt Lazroe.

1. Darren Gazdag – Former Emerge Canada employee; U.S. judgment obtained through Lazroe.
2. Andrew Hungerbuhler – Former Emerge Canada employee; U.S. judgment obtained through Lazroe.
3. Andrew Pond – Former Emerge Capital Management (U.S.) employee; U.S. judgment entered February 4, 2024 for $42,013; has never attempted to collect or contact the debtor.

All three judgments were entered lawfully in the United States, providing valid enforcement mechanisms outside of bankruptcy. The petitioners' choice to instead pursue an involuntary bankruptcy is inconsistent with legitimate collection efforts and demonstrates intent to harass and disrupt.

### III. Prior Proceedings

Approximately two months prior, three of these creditors (Gazdag, Hungerbuhler, and Avipsha Mitra) filed a motion styled as a 'breach of judgment' proceeding against the debtors, also represented by Mr. Lazroe. In response, Ms. Langley acknowledged the judgments and offered in writing to include them as named payees in the forthcoming proceeds from a pending confidential arbitration hearing scheduled for November 19, 2025 (case information to be provided to the Court under seal). That good-faith offer was refused. Ms. Mitra, notably, has not joined the Chapter 7 petition, suggesting selective participation and lack of unified creditor intent.

### IV. Indicators of Bad Faith

The following facts support a finding of bad faith:
1. **Existing U.S. Judgments:** Petitioners already possessed enforceable judgments and

therefore did not require bankruptcy to collect.
2. **Lack of Collection Effort:** Mr. Pond, the only U.S.-based creditor, never attempted collection before joining this case.
3. **Coordinated Representation:** All petitioners share the same attorney, who has actively solicited other former employees to file actions.
4. **Timing:** The petition was filed shortly before a confidential arbitration hearing scheduled for November 19, 2025 (case information to be provided to the Court under seal). This timing appears calculated to trigger the automatic stay and prevent the arbitration from proceeding.
5. **Media Leverage:** Petitioners or their counsel appear to have coordinated media coverage of the bankruptcy filing in Buffalo Business First and Canadian press outlets. Such conduct demonstrates intent to publicly damage the debtor's professional standing rather than recover debts.
6. **Third-Party Benefit:** The stay resulting from this filing would primarily benefit another financial institution involved in the arbitration, rather than the petitioners themselves.

## V. Legal Framework

Under 11 U.S.C. § 303, an involuntary petition must be filed in good faith and for a proper purpose. Courts routinely dismiss petitions where:
• The filing was intended to harass or embarrass the debtor.
• The petitioners used bankruptcy as a tactical weapon in other disputes.
• Petitioners already held enforceable judgments and had adequate non-bankruptcy remedies.

Here, the petition's structure, timing, and public dissemination establish bad faith. The filing was designed to interfere with legitimate arbitration proceedings, destroy business value, and gain leverage unrelated to debt recovery.

## VI. Requested Relief

Counsel should request dismissal of the involuntary petitions under 11 U.S.C. § 303(b) and § 303(i), and seek recovery of attorney fees and sanctions for bad faith filing.

Both Emerge and Lisa Langley wish to convert to a filing for Chapter 11.


Prepared by:
Lisa Langley
Chief Executive Officer
Emerge Capital Management Inc.